**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**RASHAD M. JACKSON**,

    Petitioner,

v.

**GREGORY MCLAUGHLIN, Warden**,

    Respondent.

Civil Action No. 7:14-CV-194 (HL)
28 U.S.C. § 2254

**ORDER**

On October 8, 2015, this Court entered an Order (Doc. 15) and Judgment (Doc. 16) adopting the September 15, 2015 Recommendation (Doc. 14) of United States Magistrate Judge Thomas Q. Langstaff. Petitioner filed no objections to the Recommendation. The Court accordingly reviewed the Recommendation for clear error. Finding none, the Court adopted the Recommendation and dismissed Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court further denied Petitioner a Certificate of Appealability. Petitioner now moves the Court to reconsider that decision (Doc. 18), arguing that he timely submitted objections to the Recommendation and requesting that the Court conduct a de novo review of the portions of the Recommendation to which Petitioner objects.

Local Rule 7.6 provides that motions for reconsideration "shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly

discovered evidence." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Thus, the court will only grant such a motion when the movant demonstrates: "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." Mason v. Georgia, 2013 WL 3227935, at *1 (M.D. Ga. June 25, 2013) (citing McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997)).

Petitioner has neither produced new evidence nor pointed to any manifest error of law or fact in the Court's order. The Recommendation, entered on September 15, 2015, explicitly instructs Petitioner that pursuant to 28 U.S.C. § 636(b)(1), any written objections, or request for extension of time to file objections, must be filed within fourteen (14) days after service of the Recommendation. (Doc. 14, p. 13). In his present motion, Petitioner admits receiving the Recommendation on September 22, 2015. (Doc. 18, p. 1). He thus had until October 6, 2015 to file his objections.

Under the mailbox rule, a court shall consider a prisoner's pleading filed on the date he delivered the document to the prison mailroom. Day v. Hall, 528 F3. 1315, 1318 (11th Cir. 2008). The court may presume that the prisoner delivered the pleading for filing the same day he signed it: "Absent evidence to the contrary in the form of prison logs or other records, we will assume that [the prisoner's]

motion was delivered to prison authorities the day . . . signed." <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).

Petitioner here did not sign and submit his objections for filing until October 12, 2015, six days too late. Petitioner is under the misapprehension that he had until October 9th to post his written objections.[1] He further contends that the deadline should be extended to account for the fact that prison mail does not run Fridays or holidays,[2] and maintains that the deadline for mailing his objections thus was October 13th. The Court finds Petitioner's arguments unavailing.

Concluding that Petitioner's objections were untimely filed and determining that there is no additional basis for the Court to revise its previous ruling, the Court denies Petitioner's Motion for Reconsideration.

**SO ORDERED**, this 30th day of October, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks

---

[1] It is unclear from Petitioner's motion how he arrived at the October 9th deadline.

[2] October 9th fell on a Friday, and the Columbus Day holiday was observed on October 12, 2015.

3